IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BRIAN G. STONE,                                         No. 3:19-cv-00144-HZ

          Plaintiff,

   v.

TYLER VAN WORMER,                                       OPINION & ORDER
Deputy Sheriff Clackamas County;
CRAIG ROBERTS, Sheriff
Clackamas County;

          Defendants.

Brian G. Stone
6915 S.E. Bluff Rd.
Sandy, OR 97055

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Brian Stone brings this action against Tyler Van Wormer, Deputy Sheriff

of Clackamas County; and Craig Roberts, Sheriff of Clackamas County. Plaintiff moves to

1- OPINION & ORDER

proceed *in forma pauperis* ("IFP"). Because he has no appreciable income or assets, the Court grants the motion. However, the Court dismisses the complaint.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

///

**DISCUSSION**

**I.      Claims**

Plaintiff names Clackamas County Deputy Sheriff Tyler Van Wormer and Clackamas County Sheriff Craig Roberts as Defendants. Compl. 1. The entirety of Plaintiff's "statement of claim" is: "My civil rights were violated by racial profiling involving a stop by deputy Van Wormer 01/30/2018 he in fact pulled me over because of racial profiling." *Id.* at 4.

As to the basis for this Court's jurisdiction, Plaintiff checked the "federal question" box. *Id.* at 3. However, he does not list any specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case. *Id.* Plaintiff does not assert diversity of citizenship jurisdiction. Plaintiff seeks $10,000,000 in damages and states that "the case against me has lasted one calendar year with continued injustice." *Id.* at 4.

**II.     Sufficiency of the Complaint**

While Plaintiff asserts "federal question jurisdiction," he cites no federal constitutional, statutory, or treaty right at issue in the case. Thus, the Court is unable to determine if Plaintiff states a claim or if his claim is frivolous because it is unclear what rights Plaintiff alleges were violated.

A.  Section 1983 Claim

Construing the Complaint liberally, the Court assumes that Plaintiff may intend to assert a claim pursuant to 42 U.S.C. § 1983, which "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To the extent Plaintiff alleges the violation of a federal constitutional right under 42 U.S.C. § 1983, he must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The first step in a Section 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271. Claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Whren v. United States*, 517 U.S. 806, 813 (1996). "Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law." *James v. City of Seattle*, 2011 WL 6150567 at *13 (W.D. Wash. Dec. 12, 2011). In order to state a claim for racial profiling in violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). When a plaintiff alleges racial profiling was the cause of a traffic stop, "allegations that there could have been no other basis for a motorist to be pulled over other than racial profiling can be sufficient to permit an inference that the motorist's Fourteenth Amendment rights were violated." *Talmadge Adib Talib v. Nicholas*, 2015 WL 9598821 at *6 (C.D. Cal. Dec. 4, 2015) (citing *Waters v. Howard Sommers Towing, Inc.*, 2011 WL 2601835 at *6 (C.D. Cal. June 30, 2011)) (denying a motion to dismiss where the plaintiff alleged there was no reason other than racial profiling to justify stop).

Here, Plaintiff does not identify his race; therefore, the Court cannot determine if he is a member of a protected class. He also makes no factual allegations to support his conclusory assertion that he was pulled over "because of racial profiling." *See* Compl. 4. Plaintiff fails to

allege facts showing a discriminatory intent by Defendant Van Wormer, sufficient to state a claim for racial profiling in violation of the Fourteenth Amendment.

B. Supervisory Liability of Defendant Roberts

Plaintiff fails to make any factual allegations regarding Defendant Roberts. He does not link Defendant Roberts to the decision to pull Plaintiff over.

In order to hold supervisors individually liable in § 1983 suits, a plaintiff must allege either (1) the supervisor's "personal involvement in the constitutional deprivation," or "(2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

> The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207–08 (internal citations, alterations, and quotation marks omitted). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See, e.g., City of Canton v. Harris,* 489 U.S. 378, 385 (1989); *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992).

Because Plaintiff fails to make any allegations regarding Defendant Roberts, the Court is unable to discern Plaintiff's theory of liability. Plaintiff must allege specific facts related to Defendant Roberts if he seeks to include him as a defendant in this suit.

///

### III. Leave to Amend

A pro se litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment. *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). In this Opinion, the Court has attempted to provide Plaintiff guidance by explaining the deficiencies of the current pleading. Plaintiff must provide additional factual allegations as well as a basis for federal question jurisdiction in order for his case to proceed.

### CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* [2] is granted. Plaintiff's complaint [1] is dismissed. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint which cures the deficiencies noted shall result in the dismissal of this proceeding, with prejudice. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court.

IT IS SO ORDERED.

Dated this \_\_\_\_5\_\_\_\_ day of \_\_\_\_Feb\_\_\_\_, 2019

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge