IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRIAN G. STONE,  No. 3:19-cv-00144-HZ

        Plaintiff,

v.

TYLER VAN WORMER,  OPINION & ORDER
Deputy Sherriff Clackamas County;
CRAIG ROBERTS, Sherriff
Clackamas County

        Defendants.

Brian G. Stone
6915 S.E. Bluff Road
Sandy, OR 97005

    Plaintiff Pro Se

Stephen L. Madkour
Scott C. Ciecko
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045-1819

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Brian G. Stone brings six claims against Defendants Clackamas County Deputy Sherriff Tyler Van Wormer, and Clackamas County Sherriff Craig Roberts (collectively "Defendants"). This matter comes before the Court on Defendants' Motion to Dismiss [ECF 16] Plaintiff's First Amended Complaint ("FAC") [ECF 9] and Motion to Strike [ECF 19] Plaintiff's "Supplement to Amended Complaint" [ECF 18]. For the reasons discussed below, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss as follows: Plaintiff's first, second, third, fourth, and fifth claims are dismissed, with leave to amend his complaint within twenty-one (21) days; Plaintiff's sixth claim, premised on the Ninth Amendment, is dismissed with prejudice; the Court declines to dismiss the FAC in its entirety based on Defendants' alternative argument under *Heck v. Humphrey*. The Court GRANTS Defendants' Motion to Strike.

## BACKGROUND

The following facts are taken from Plaintiff's FAC and assumed true at this early stage of the proceeding.

On January 30, 2018, at approximately 3:00 a.m., Plaintiff and Defendant Van Wormer drove past each other traveling in opposite directions. FAC 1. Defendant Van Wormer "hung a u-turn" and pursued Plaintiff from a "distance of at least half a mile back" and followed Plaintiff onto an adjacent street. *Id.* Defendant Van Wormer signaled Plaintiff to pull over for "alleged expiration of tags," which Plaintiff did. *Id.* Defendant Van Wormer approached the passenger side of Plaintiff's vehicle where Plaintiff's "nephew who is black was questioned and arrested." *Id.* Plaintiff identifies as "white by race." *Id.* at 4.

Defendant Van Wormer questioned and arrested Plaintiff for "suspected [driving under the influence of intoxicants ("DUII")] after a field sobriety test [showed] no impairment." *Id.* at 2. Plaintiff was taken to the Clackamas County Jail and was administered a Breathalyzer test. *Id.* The individual administering the test failed to follow procedures outlined in a manual issued by the Oregon State Police and Defendant Van Wormer failed to complete paperwork related to the test. *Id.* at 2–3. Plaintiff wrote and mailed a complaint about the incident to Defendant Roberts in March 2018. *Id.* at 3.

On March 15, 2018, and November 1, 2018, Plaintiff requested and was denied discovery, presumably related to his DUII prosecution, from the Clackamas County District Attorney's Office. *Id.* at 3. Finally, Plaintiff asserts he was deprived of his Sixth Amendment right to have compulsory process to obtain witnesses at his criminal trial, also presumably related to his DUII case. *Id.* at 4.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## DISCUSSION

Liberally construing the FAC, the Court assumes that Plaintiff asserts his claims under 42 U.S.C. § 1983 which "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted).[1] Plaintiff's first claim alleges racial profiling in violation of the Equal Protection Clause of the Fourteenth Amendment. *See* FAC 1, 4. Plaintiff's second claim alleges a failure to follow internal department procedures for administering Breathalyzer tests, as outlined in an Oregon State Police manual. *Id.* at 2–3. Plaintiff's third and fourth claims stem from an alleged failure to be afforded criminal discovery and compulsory process in his state criminal trial proceedings, which resulted in his DUII conviction. *Id.* at 3–4. Plaintiff's fifth

---

[1] References to "§ 1983" throughout this Opinion and Order refer to Title 42 of the United States Code.

claim alleges Defendant Roberts failed to supervise Defendant Van Wormer. *Id.* Finally, Plaintiff's sixth claim alleges a violation of the Ninth Amendment. *Id.* at 4.

Defendants assert Plaintiff's claims lack merit because: (1) he failed to plead sufficient facts to establish Constitutional violations; (2) Defendants were not involved in the criminal proceedings in state court; (3) Defendant Roberts is not properly named because he was not personally involved in any alleged violation of Plaintiff's rights; and (4) § 1983 claims are not appropriately brought under the Ninth Amendment. Alternatively, Defendants assert Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

### I. Motion to Strike "Continuation to Amended Complaint"

The Court must resolve one preliminary matter before reaching the substantive merits of Defendants' Motion to Dismiss: whether it will consider Plaintiff's filing titled "Continuation to Amended Complaint." [ECF 16]. In that document, Plaintiff renews his "racial profiling" claim under to § 1983, cites to several other portions of the United States Code, and alludes to "Police Misconduct." Defendants move to strike the "Continuation to Amended Complaint" on the grounds it outside the scope of permissible pleadings allowed by Federal Rule of Civil Procedure ("Rule") 7(a); or, in the alternative, violates the amended pleading requirements of Rule 15. Defs.' Mot. Strike 2.

The Court finds Defendants' Rule 15 argument persuasive. Under Rule 15(a)(1)(A), a party may (1) amend their complaint once as a matter of course before having been served with a responsive pleading or (2) "with the opposing party's written consent or the court's leave." Because the "Continuation to Amended Complaint" does not fall into either category, Defendants' Motion to Strike [ECF 19] is GRANTED. That said, the Court is mindful of the liberality of Rule 15(a) and the leniency accorded to *pro se* litigants. *See AmerisourceBergen*

*Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'") (quoting Fed.R.Civ.P. 15(a)). Therefore, for the reasons explained below, the Court will permit Plaintiff leave to amend the FAC. Plaintiff may reassert any additional claims contained in his "Continuation to Amended Complaint" in his Second Amended Complaint, should he elect to lodge one.

## II. Constitutional Claims

To establish violation of a federal constitutional right under 42 U.S.C. § 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The first step in a § 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Racial Profiling

Claims asserting selective enforcement of the law based on considerations such as race are properly brought under the Equal Protection Clause of the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also James v. City of Seattle*, 2011 WL 6150567 at *13 (W.D. Wash. Dec. 12, 2011) ("Racial profiling can constitute a deprivation of a citizen's right to equal protection under the law."). To properly state a claim for racial profiling, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005); *see also* Opinion and Order ("O&O"), at 1–2 (February 5, 2019) [ECF 4].

Alternatively, "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1021 (9th Cir. 2011) (citing *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008)). To succeed on a "class of one" claim, a plaintiff must show that he was: (1) intentionally (2) treated differently than other similarly situated individuals, (3) without a rational basis. *Id.* at 1022 (citations omitted).

Plaintiff's FAC fails to plead facts sufficient to establish an Equal Protection violation. First, beyond asserting that he was racially profiled, Plaintiff has failed to allege facts showing Defendants "acted with an intent or purpose to discriminate against" him. *See Thomas v. Marion Cty. Oregon Circuit Court*, No. 10-cv-1090-BR, 2010 WL 5067913, at *4 (D. Or. Dec. 6, 2010) (dismissing complaint where the plaintiff "allege[d] no facts in support of his claim of racial profiling except to allege that he was the victim of it" and had "not alleged facts showing intentional discrimination or differential treatment of others similarly situated"); *Thornton*, 425 F.3d at 1166–67. Second, Plaintiff has failed to plead facts sufficient to show that he is a member of a protected class. *Borja v. Gonzalez,* 2010 WL 5625748, at *2 (S.D. Cal. Dec. 15, 2010) (recommending granting a motion to dismiss where the plaintiff "failed to allege facts which demonstrate he is a member of a protected class"), *report and recommendation adopted*, 2011 WL 203522 (S.D. Cal. Jan. 21, 2011); *see also Alvarez v. Cty. of Maricopa*, 2010 WL 2594315, at *4 (D. Ariz. June 23, 2010) ("Nowhere in Plaintiff's complaint does she allege that she is a member of a protected class[.]").

Finally, Plaintiff has failed to plead any facts that show he was treated differently than other similarly situated individuals without a rational basis. *Wilson v. Stolman*, 2005 WL

1836181, at *6 (E.D. Cal. Aug. 1, 2005) (implying racial profiling "class of one" claims were cognizable, but that dismissal was appropriate because the plaintiff had "not alleged any facts that support a claim"); *see also* Olivera v. Town of Woodbury, New York, 281 F. Supp. 2d 674, 683 (S.D.N.Y. 2003) (granting summary judgment for defendant police officer on class of one racial profiling claim because the plaintiff could not point to similarly situated comparators from outside "his protected class" who were treated differently), *aff'd sub nom.*, 99 F. App'x 298 (2d Cir. 2004).

Plaintiff's FAC fails to state a claim upon which relief may be granted for racial profiling in violation of the Equal Protection Clause, and is therefore subject to dismissal. Defendants assert that dismissal with prejudice is warranted because Plaintiff admits he is not a member of a protected class. *See* Defs.' Mot. Dismiss 4–5. As noted, however, "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination[.]" *Gerhart*, 637 F.3d at 1021. Because it is not altogether certain that Plaintiff would be unable to allege any additional facts related to how he was allegedly racial profiled the Court will allow Plaintiff an opportunity to amend his complaint. Plaintiff's first claim is dismissed with leave to amend.

### B. Failure to Follow Procedure

The FAC next alleges the individual administering his Breathalyzer test failed to follow protocols outlined in a manual issued by Oregon State Police, and that Defendant Van Wormer failed to complete forms related to that test. FAC at 2–3. Significantly, a failure to follow an agency or departmental procedure does not necessarily rise to the level of a constitutional violation. *Cf.* U.S. v. Haswood, 350 F.3d 1024, 1029 (9th Cir. 2003) (law enforcement agent's failure to follow governmental policy on recording interviews does not necessarily create a

constitutional violation); *U.S. v. Goodwin*, 57 F.3d 815, 818 (9th Cir. 1995) ("[t]he failure of the [assistant United States Attorney] to comply with internal department policy does not, without more, establish a deprivation of [the defendant's] constitutional rights"); *Ramirez v. Bartos*, 2007 WL 2725246, at *5 (D. Ariz. Sept. 17, 2007) ("[A] violation of an administrative policy does not rise to the level of a constitutional violation."). As currently plead, the FAC fails allege facts by which the Court could infer that the failure to follow internal procedures deprived Plaintiff of a "a right secured by the Constitution or the laws of the United States[.]" *See Long*, 442 F.3d at 1185; *see also Arline v. Clark*, 586 F. App'x 406, 407 (9th Cir. 2014) (affirming district court's dismissal of a *pro se* complaint where the plaintiff "failed to allege facts sufficient to link [the] defendants to any constitutional violation") (citing *Arnold v. Int'l Bus. Machs. Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981)). Plaintiff's second claim is dismissed with leave to amend.

### C. Criminal Discovery and Compulsory Process

Plaintiff asserts he was denied criminal discovery and his right to have compulsory process for obtaining witnesses in the criminal case against him. States have an obligation to supply defendants with discovery in criminal cases, including evidence "that is favorable to the defense and material to the defendant's guilt or punishment." *Smith v. Cain*, 565 U.S. 73, 75 (2012) (citing *Brady v. Maryland,* 373 U.S. 83, 83 (1963). Further, under to the Sixth Amendment, a criminal defendant "must be accorded compulsory process for obtaining witnesses in his favor." *Faretta v. California*, 422 U.S. 806, 819 (1975) (citation omitted). As currently plead, however, Plaintiff's claims must be dismissed. Beyond asserting he was denied discovery and compulsory process, Plaintiff has failed to plead any facts that, if true, would support the alleged "violation[s were] committed [by Defendants] acting under color of State law." *See Long*, 442 F.3d at 1185; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

("Liability under § 1983 must be based on the personal involvement of the defendant."); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (noting that although the "standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed *pro se* . . . [v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss"). Plaintiff's third and fourth claims are dismissed with leave to amend.

### D. Supervisory Liability

Plaintiff appears to allege Defendant Roberts supervised Defendant Van Wormer and is therefore a proper defendant in this lawsuit. To hold supervisors individually liable in § 1983 suits, a plaintiff must allege either (1) the supervisor's "personal involvement in the constitutional deprivation," or "(2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

> The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.

*Id.* at 1207–08 (internal citations, alterations, and quotation marks omitted); *see also* O&O at 4–5. To premise a supervisor's alleged liability on a policy promulgated by the supervisor, a plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See, e.g., City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, other than asserting Plaintiff mailed a complaint to Defendant Roberts and that he served as Defendant Van Wormer's supervisor in his position has Sherriff, Plaintiff has failed to plead facts showing that Defendant Roberts was "personally involved" in any alleged constitutional deprivation that Plaintiff suffered. *See Starr*, 652 F.3d at 1207. Nor has Plaintiff plead facts establishing a causal link between Defendant Roberts' conduct, or departmental policy promulgated by him, and an alleged constitutional violation. *See id.*; *see also Chavez v. United States*, 683 F.3d 1102, 1110–11 (9th Cir. 2012) (conclusory allegations that a supervisor had general responsibilities to review and approve subordinates' conduct did not support a conclusion that he knew or had reason to know about alleged constitutional violations). This claim is dismissed with leave to amend.

### E. Ninth Amendment Claim

Plaintiff alleges a claim under the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const., amend. IX. The Ninth Amendment, however, does not provide a basis on which a plaintiff may impose liability under § 1983 because it does not "independently [secure] any constitutional right[.]" *Strandberg v. City of Helena,* 791 F.2d 744, 748 (9th Cir. 1986) (citations omitted); *Ramirez v. Butte-Silver Bow County,* 298 F.3d 1022, 1029 (9th Cir. 2002) (Ninth Amendment claim properly dismissed because plaintiff's may not "'double up' constitutional claims") *aff'd sub nom.*, 540 U.S. 551 (2004); *Schowengerdt v. United States,* 944 F.2d 483, 490 (9th Cir. 1991) (Ninth Amendment "not interpreted as independently securing any constitutional rights for purposes of making out a constitutional claim"). Accordingly, Plaintiff's Ninth Amendment claim fails as a matter of law and is dismissed with prejudice.

### III. *Heck v. Humphrey*

Defendants assert that to the extent Plaintiff's claims stem from his DUII conviction in Clackamas County Court, they are barred by *Heck v. Humphrey*.[2] In *Heck*, the Supreme Court held that § 1983 claims to recover damages were barred where the claim casts doubt on the validity of an outstanding criminal conviction or sentence. 512 U.S. 477, 487 (1994). There, the plaintiff was convicted and incarcerated for voluntary manslaughter. *Id.* at 479. During his incarceration, the plaintiff filed a § 1983 claim in which he alleged the prosecuting attorney and police officer assigned to his criminal case destroyed evidence, used unlawful identification methods at trial, and "engaged in an 'unlawful, unreasonable, and arbitrary investigation[.]'" *Id.* The district court dismissed the claims "because the issues [they] raised directly implicate[d] the legality of [the plaintiff's] confinement." *Id.* (quotations marks omitted). On appeal, the Supreme Court affirmed the district court, holding:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486. The Court explained its primary concern was the possibility of conflicting judgments:

> This requirement avoids parallel litigation over the issues of probable cause and guilt and it precludes the possibility of the claimant succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong

---

[2] The Court GRANTS Defendants' request for Judicial Notice of the Clackamas County Circuit Court's Judgment of Conviction and Criminal Information. *See* Ciecko Decl. Exs. 101–02 ECF 17; ECF 16-1 (Criminal Information); ECF 16-2 (Judgment of Conviction); *Coultas v. Payne*, No. 3:11-cv-45-AC, 2015 WL 5920645, at *3 (D. Or. Oct. 9, 2015) ("The court may 'take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.'") (quoting *Harris v. County of Orange,* 682 F.3d 1126, 1131–32 (9th Cir. 2012)).

> judicial policy against the creation of two conflicting resolutions
> arising out of the same or identical transaction.

*Id.* at 484 (internal quotation marks omitted). Thus, the Court directed lower courts to "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

A.    **Exception to *Heck***

Before proceeding to a *Heck* analysis, the Court must first address whether *Heck* applies to a conviction when the plaintiff is not custody. Plaintiff's Judgment of Conviction indicates his sentence was suspended and he was placed on probation.[3] *See* Ciecko Decl. Ex. 102 at 1–2, ECF 16-2. Some courts have applied an exception to the *Heck* rule carved out by Justice Souter in his concurrence to *Heck*, 512 U.S. at 500 (Souter, J., concurring), which a majority of justices later endorsed in *Spencer v. Kemna,* 523 U.S. 1, 20-21 (1998) (Souter, J., concurring); *id.* at 25 n.8 (Stevens, J., dissenting), but the Supreme Court has not expressly adopted, *see Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004) (per curiam) (acknowledging but declining to resolve issue).

Under that exception, in some cases, *Heck* does not bar a § 1983 claim of a plaintiff who cannot invoke federal habeas jurisdiction because he is not "in custody." In *Nonnette v. Small,* 316 F.3d 872, 876–77 (9th Cir. 2002), the Ninth Circuit relied on *Spencer* to hold that a parolee challenging revocation of his good-time credits could pursue his claim in a § 1983 action despite *Heck* because he had already served the additional time resulting from the revocation and a habeas petition challenging his disciplinary proceeding would be dismissed as moot. *Id.* at 877. After *Nonnette*, some district courts interpreted the exception to include plaintiffs who had never

---

[3] District courts may consider material properly subject to judicial notice when ruling on a motion to dismiss without converting the motion into one for summary judgment. *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994).

been in custody, reasoning such plaintiffs would never have had a chance to pursue habeas relief. *See, e.g.*, *Nickerson v. Portland Police Bureau*, No. 08-cv-00217-HU, 2008 WL 4449874, at *7 (D. Or. Sept. 30, 2008); *Confed. Tribes of Colville Reservation v. Anderson*, 903 F. Supp. 2d 1187, 1193–94 (E.D. Wash. 2011).

However, the Ninth Circuit later clarified that the exception as articulated in *Nonnette* is far narrower: "*Nonnette's* relief from *Heck* 'affects *only former prisoners challenging loss of good-time credits, revocation of parole or similar matters*,' not challenges to an underlying conviction." *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1192 (9th Cir. 2015) (emphasis added) (citing *Guerrero v. Gates,* 442 F.3d 697, 705 (9th Cir. 2004). In *Lyall*, the plaintiff had been in custody for only two days after his arrest, and was not sentenced to any prison time. *Id.* The court acknowledged that "the brevity of [the plaintiff's] time in custody made federal habeas effectively unavailable to him." *Id.* at 1192 n.12. Nevertheless, because the plaintiff had failed to timely challenge a conviction in state court prior to filing his § 1983 claim, the Ninth Circuit held that *Heck* barred the § 1983 claim. *Id.* at 1192. The court explained that § 1983 does not create "an alternative forum for challenging" a state conviction. *Id.*

Following *Lyall*, district courts have held that *Heck* applies regardless of a plaintiff's custody status. *See, e.g., Middleton v. Santa Barbara Police Dep't*, 2016 WL 6902098, at *5 (C.D. Cal. July 11, 2016) ("the mere fact that federal habeas relief was not available is not enough exempt him from the bar of *Heck* under the reasoning of *Lyall*"), *report and recommendation adopted*, 2016 WL 6902462 (C.D. Cal. Nov. 22, 2016); *Kenney v. City of San Diego & Fed. & Private Contractor Intelligence Cmty.*, 2016 WL 1223339, at *8 (S.D. Cal. Mar. 29, 2016) ("the rule of *Heck* is not limited to persons in custody"). Accordingly, Plaintiff's custody status does not alter the Court's *Heck* analysis.

B. **Application of *Heck* and *Lyall***

Nothing in the record suggests that Plaintiff timely challenged his DUII conviction. Thus, the Court assesses "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U.S. at 487. Defendants assert that "the issues raised by [Plaintiff] are directly related to, and provide a basis for, [Plaintiff's] criminal conviction." Defs.' Mot. Dismiss 8. The Court finds, however, at this stage the proceedings, the record is insufficient to make such a determination. Although Defendants attached a copy of the charging instrument and Judgment of Conviction as an exhibit to their motion to dismiss, the record is not sufficiently developed to allow the Court to determine what evidence formed the basis of Plaintiff's DUII conviction in his state court trial. *See, e.g., Rodriguez v. Alameda*, 2016 WL 4538523, at *3 (N.D. Cal. Aug. 31, 2016) ("In this case, the charging documents and clerk's docket and minutes are the only information in the record. Other courts have found such documents to be insufficient to establish a *Heck* bar."); *Martin v. City of Vallejo*, 2014 WL 6634556, at *3 (E.D. Cal. Nov. 21, 2014) ("[I]n light of the complete absence of any evidence or information relating to the factual basis for plaintiff's no contest plea and criminal conviction for resisting, the court cannot find that plaintiff's excessive use of force claim in this civil action necessarily implies the invalidity of his criminal conviction."). Defendants may reassert this argument in the event they supply additional evidence and *specific* argument relating to each of Plaintiff's claims. Plaintiff may also provide evidence his DUII conviction or sentence has been invalidated should such evidence exist. The Court thus declines to dismiss the FAC in its entirety under *Heck* at this time. Defendants' Motion to Dismiss under *Heck* is denied.

///

///

## IV. Leave to Amend

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has discretion whether to allow amendment. *Tracht Gut, LLC v. L.A. Cnty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1151 (9th Cir. 2016) ("'[T]he grant or denial of an opportunity to amend is within the discretion of the District Court.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Court will permit Plaintiff leave to file a Second Amended Complaint to cure, if possible, the deficiencies outlined above. The Court also reminds Plaintiff that, should he elect to lodge a Second Amended Complaint, he must reallege each of his claims, including the specific facts underlying each claim, and that he "may not incorporate any part of [his] prior pleading[s] by reference." LR 15-1(c).

## CONCLUSION

Defendants' Motion to Dismiss [ECF 16] is GRANTED in part and DENIED in part. Defendants' Motion to Strike [ECF 19] is GRANTED. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint to attempt to cure the deficiencies outlined above for claims one, two, three, four, and five.

IT IS SO ORDERED.

Dated this 4 Sept day of August, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge