IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

BRIAN G. STONE,

        Plaintiff,

v.

TYLER VAN WORMER,
Deputy Sheriff Clackamas County,

        Defendants.

No. 3:19-cv-00144-HZ

OPINION & ORDER

Brian G. Stone
6915 S.E. Bluff Road
Sandy, OR 97005

    Plaintiff Pro Se

Stephen L. Madkour
Scott C. Ciecko
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045-1819

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Brian G. Stone brings this 42 U.S.C. § 1983 action against Defendant Clackamas County Deputy Sheriff Tyler Van Wormer. This matter comes before the Court on Defendant's Motion to Dismiss [ECF 23] Plaintiff's Second Amended Complaint ("SAC"). For the reasons below, the Court GRANTS Defendant's Motion to Dismiss.

**BACKGROUND**

Plaintiff's initial Complaint, which named Van Wormer and Clackamas County Sheriff Craig Roberts as Defendants, alleged that his "civil rights were violated by racial profiling involving a stop by deputy Van Wormer 01/30/2018 he in fact pulled me over because of racial profiling." Compl. 4, ECF 1. Construing the Complaint liberally, the Court assumed that Plaintiff intended to plead a § 1983 claim against Van Wormer and a supervisory liability claim against Roberts. *See* Opinion & Order, at 4-5 (Feb. 5, 2019), ECF 4. The Court further assumed that Plaintiff alleged selective enforcement of the law based on race. However, the Court found that Plaintiff failed to: (1) show he belonged to a protected class; (2) make factual allegations to support his assertion that he was pulled over because of racial profiling; and (3) allege facts showing discriminatory intent by Defendant Van Wormer. *Id*. As for the supervisory liability claim against Roberts, the Court found that Plaintiff failed to allege specific facts sufficient to state a claim. *Id*. at 5. Thus, after explaining the relevant law and pleading deficiencies, Plaintiff's initial Complaint was dismissed with leave to amend. *Id*. at 6.

Plaintiff filed a First Amended Complaint, ECF 9, on March 7, 2019. Liberally construing that pleading, the Court assumed Plaintiff asserted six claims against Defendants Van Wormer and Roberts pursuant to § 1983. Plaintiff's first claim alleged racial profiling by Defendant Van Wormer in violation of the Equal Protection Clause of the Fourteenth

Amendment. *See* FAC 1, 4. Plaintiff's second claim alleged a failure to follow internal department procedures for administering a Breathalyzer test. *Id.* at 2-3. Plaintiff's third and fourth claims alleged denial of criminal discovery and compulsory process in his criminal trial proceedings. *Id.* at 3-4. Plaintiff's fifth claim alleged Defendant Roberts failed to supervise Defendant Van Wormer. *Id.* at 4. Finally, Plaintiff's sixth claim alleged a violation of the Ninth Amendment. *Id.* In a September 4, 2019 Opinion & Order, ECF 20, the Court dismissed the first five claims with leave to amend but dismissed his Ninth Amendment claim with prejudice. The Court again explained the relevant law and pleading deficiencies.

Plaintiff then filed his SAC, ECF 22. The Court again assumes that Plaintiff asserts his claims under § 1983. Plaintiff's first claim alleges a violation of the Ninth Amendment. SAC at 7. Plaintiff's second claim alleges that he was not permitted to obtain discovery or witnesses in the criminal trial against him in violation of the Sixth Amendment. *Id.* at 6, 8. Plaintiff's third claim alleges that a lifetime revocation of his driver's license constitutes cruel and unusual punishment in violation of the Eighth Amendment and does not comport with Oregon Sentencing Guidelines. *Id.* 6-7. Plaintiff's fourth claim alleges that Clackamas County failed to follow "[c]riminal [p]rocedure [r]ights" and that Defendant Van Wormer falsified evidence in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment. *Id.* 8-9.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City & Cnty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a

motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

## DISCUSSION

Defendant now moves to dismiss Plaintiff's claims under Rule 12(b)(6). The Court addresses each claim below.

///

///

///

**I.      Constitutional Claims**

To establish violations of a federal constitutional right under § 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The first step in a § 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.      Ninth Amendment Claim**

Plaintiff again brings a Ninth Amendment claim; however, this claim was already dismissed with prejudice in the September 4, 2019 Opinion. *See* Opinion & Order, at 2. Therefore, Plaintiff is precluded from bringing a Ninth Amendment claim.

**B.      Sixth Amendment Claim**

Plaintiff brings a Sixth Amendment claim alleging that he was not permitted to obtain discovery or witnesses in the criminal trial against him. States have an obligation to supply defendants with discovery in criminal cases, including evidence "that is favorable to the defense and material to the defendant's guilt or punishment." *Smith v. Cain*, 565 U.S. 73, 75 (2012) (citing *Brady v. Maryland*, 373 U.S. 83, 83 (1963)). Further, under the Sixth Amendment, a criminal defendant "must be accorded compulsory process for obtaining witnesses in his favor." *Faretta v. California*, 422 U.S. 806, 819 (1975). Like the FAC, Plaintiff's Sixth Amendment claim in the SAC is again deficient. First, Plaintiff provides insufficient facts to support his claim. Second, Plaintiff proffers no specific allegations against Defendant. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the

personal involvement of the defendant."); *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (noting that although the "standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed *pro se*… [v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss"). In fact, Plaintiff alleges that these violations were committed by the Clackamas County District Attorney, *not* by Defendant. SAC at 8. Plaintiff has failed to show that Van Wormer violated Plaintiff's rights secured by the Sixth Amendment. Accordingly, Plaintiff's Sixth Amendment claim is dismissed.

### C. Eighth Amendment Claim

The SAC next alleges that a lifetime revocation of Plaintiff's driver's license constitutes cruel and unusual punishment and does not comport with Oregon Sentencing Guidelines. As an initial matter, Plaintiff's assertion that the lifetime revocation of his driver's license does not comport with Oregon Sentencing Guidelines is not properly brought under § 1983. *See Canell v. Or. Dep't of Justice*, 811 F. Supp. 546, 550 (D. Or. 1993) ("only violations of the federal constitution or federal law are cognizable under 42 U.S.C. § 1983, not state law violations.") (citing *Williams v. Treen*, 671 F.2d 892 (5th Cir. 1982)). Because Plaintiff fails to point to any private right of action for violating state sentencing guidelines, the Court may not grant relief on this ground.

Furthermore, Plaintiff cites no authority, and the Court has found none, that supports the contention that a lifetime revocation of a driver's license constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment declares: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. To find that a punishment violates the Eighth Amendment,

the Court must determine that a punishment has been imposed, and that it is disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 290 (1983) ("a criminal sentence must be proportionate to the crime for which the Defendant has been convicted."). Punishment extends to any sanction intended, at least in part, to punish or deter criminal conduct. *See generally Austin v. United States*, 509 U.S. 602 (1993). Presumably, the revocation of Plaintiff's driver's license resulted from Plaintiff's criminal trial, so it may reasonably be construed as constituting a punishment. Because the Court finds a punishment has been imposed, it must then analyze the proportionality of the punishment. "[A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id*. at 291. Turning to the instant case, the Court finds that the facts are insufficiently pleaded to determine whether the revocation of Plaintiff's driver's license was grossly disproportionate to his crime and thus whether this claim may have merit.

Even assuming Plaintiff has pled a valid Eighth Amendment claim, Plaintiff brings this claim against the wrong Defendant. Plaintiff fails to allege specific facts indicating that Van Wormer, the only Defendant named in the SAC, revoked Plaintiff's driver's license. On the contrary, it is commonly understood that only a Court of a competent jurisdiction or the Department of Motor Vehicles may revoke a person's driving privileges for life. Accordingly, Plaintiff's Eighth Amendment claim is dismissed.

### D.    Fourteenth Amendment Claim

Plaintiff also brings Due Process and Equal Protection claims, presumably under the Fourteenth Amendment. Plaintiff alleges that Clackamas County failed to follow "[c]riminal

[p]rocedure [r]ights" and that Defendant Van Wormer manufactured evidence in favor of the State. SAC at 8-10. As an initial matter, Clackamas County is not a Defendant here, so Plaintiff's claim as it relates to the County must be dismissed.

Additionally, aside from stating "[e]qual protection [is] being violated," Plaintiff pleads no specific facts to support this allegation. The Court notes that Plaintiff has chosen not to plead racial profiling again, and therefore it considers this claim abandoned. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.") (citing *London v. Cooper & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)). Therefore, to the extent that Plaintiff alludes to an Equal Protection violation, Plaintiff fails to provide sufficient facts to explain how he was deprived of equal protection by Defendant.

Finally, Plaintiff brings a Due Process claim. Specifically, Plaintiff alleges that his arrest and ultimate conviction were the direct result of Defendant manufacturing evidence in favor of the State. SAC at 9. Claims asserting that a conviction was obtained using false evidence are properly brought under the Due Process Clause of the Fourteenth Amendment. *See Napue v. Illinois*, 360 U.S. 264, 269 (1959) ("it is established that a conviction obtained through the use of false evidence, known to be by representatives of the State, must fall under the Fourteenth Amendment… The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears."). To plead a *Napue* violation, Plaintiff must show that the false evidence used to obtain a conviction was material. *See, e.g.*, *Jackson v. Brown*, 513 F.3d 1057, 1075-76 (9th Cir. 2008) ("A jury's finding should be overturned as a result of… [a] *Napue* violation[] if and only if [it is] material.").

There are several problems with this claim. First, it is asserted in a conclusory manner that Defendant manufactured evidence, disregarded the law, and made false claims. *See* SAC 9. Second, it fails to allege pertinent facts such as when or how Defendant committed the violations, what evidence was manufactured or what false claims were made. As such, Plaintiff fails to state a claim and his Due Process claim is dismissed.

## II. Dismissal with Prejudice

In civil rights cases where the plaintiff appears pro se, the court construes the pleadings liberally and must afford plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (*en banc*). Ordinarily a pro se litigant is given leave to amend his or her complaint. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). However, if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). Furthermore, "[t]he district court's discretion to deny leave to amend is particularly broad where a Plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010). Here, Plaintiff has been given three chances to state a claim and has failed to do so despite having the relevant law and complaint deficiencies explained to him. The Court also notes that Plaintiff failed to respond to this motion to dismiss. For these reasons, I exercise my discretion to dismiss Plaintiff's claims without leave to amend.

///

///

///

///

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss [23] is granted.

IT IS SO ORDERED.

Dated: <u>     December 26, 2019               </u>.

<u>                   /s/ Marco Hernández                   </u>
MARCO A. HERNÁNDEZ
United States District Judge